IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AMY FRANKLIN, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:23-CV-00138 |
| | § | |
| STATE FARM MUTUAL | § | |
| AUTMOBILE INSURANCE COMPANY, | § | |
|     Defendant. | § | |

**DEFENDANT STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY'S FIRST AMENDED ANSWER**

Defendant State Farm Mutual Automobile Insurance Company hereby files its First Amended Answer and would respectfully show the Court as follows:

### I.  GENERAL DENIAL

1. Defendant generally denies the allegations contained in Plaintiff's Original Petition, pursuant to Federal Rule of Civil Procedure 8, except for those either specifically admitted herein or where Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation, and demands strict proof thereof by Plaintiff by a preponderance of the credible evidence.

### II.  SPECIFIC DENIALS AND ADMISSIONS

2. With respect to Paragraph 1 of Plaintiff's Original Petition, Defendant admits Plaintiff Amy Franklin has filed suit against it.

3. With respect to subparagraph 1 of Section I of Plaintiff's Original Petition, Defendant denies a "Level 2" requirement of Texas Rule of Civil Procedure 190.3 applies in federal court following removal. Instead, discovery is to be conducted in accordance

with the Federal Rules of Civil Procedure, the applicable Scheduling and Docket Control Order entered by this Court, and other applicable orders of the Court and/or agreements of the parties. Defendant admits Plaintiff has pleaded for monetary relief over $100,000 but not more than $250,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorneys' fees, but disputes Plaintiff's entitlement to said damages.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in subparagraph 2 of Section I of Plaintiff's Original Petition regarding Plaintiff's current residential address, but accepts Plaintiff's representations that she was a resident of Galveston County at the time suit was filed and regarding the last three digits of her social security number and driver's license number.

5. Defendant admits the allegations in subparagraph 3 of Section I of Plaintiff's Original Petition.

6. With respect to subparagraph 4 of Section I of Plaintiff's Original Petition, Defendant admits venue was originally proper in Brazoria County District Court for purposes of this particular lawsuit and is now proper in this Court pursuant to 28 U.S.C. § 1332.

7. With respect to subparagraph 5 of Section I of Plaintiff's Original Petition, Defendant admits citation was requested.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth sentences one, two, four, and five of subparagraph 1 of Section II of Plaintiff's Original Petition. Defendant admits Plaintiff's vehicle was totaled and Plaintiff has submitted medical bills that purport to be in excess of $41,000. Defendant

denies the last sentence of subparagraph 1 of Section II of Plaintiff's Original Petition as Ms. Lavender had liability policy limits of $30,055 each person.

9. Defendant denies the first sentence of subparagraph 2 of Section II of Plaintiff's Original Petition, as the correct policy number is 3779-440-53A. Defendant denies the second sentence of subparagraph 2 of Section II of Plaintiff's Original Petition. Defendant admits the third sentence of subparagraph 2 of Section II of Plaintiff's Original Petition.

10. Defendant admits subparagraph 3 of Section II of Plaintiff's Original Petition.

11. Defendant admits to subparagraph 4 of Section II of Plaintiff's Original Petition, except Defendant denies Texas Insurance Code Section 541.005(a) applies to the facts and circumstances of this lawsuit, Defendant denies it is liable under Chapter 542 of the Texas Insurance Code, and denies Plaintiff's claim was not acknowledged until August 13, 2021.

12. Defendant admits to subparagraph 5 of Section II of Plaintiff's Original Petition.

13. Defendant admits to subparagraph 6 of Section II of Plaintiff's Original Petition.

14. Defendant admits to subparagraph 7 of Section II of Plaintiff's Original Petition.

15. Defendant admits to subparagraph 8 of Section II of Plaintiff's Original Petition.

16. With respect to subparagraph 9 of Section II of Plaintiff's Original Petition, Defendant admits Texas Insurance Code Section 542.056 provides, "Except as provided by Subsection (b) or (d), an insurer shall notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss;" however, Defendant denies that Plaintiff has accurately recited this provision. Defendant denies the second and third sentence of subparagraph 9 of Section II of Plaintiff's Original Petition.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in sentence 1 of subparagraph 10 of Section II of Plaintiff's Original Petition. However, Defendant denies the allegations in the second sentence of subparagraph 10 as Defendant was unable to accept Plaintiff's offer at that time, but did not outright deny Plaintiff's underinsured motorist claim.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in subparagraph 1 of Section III of Plaintiff's Original Petition.

19. Defendant denies subparagraph 2 of Section III of Plaintiff's Original Petition.

20. With respect to subparagraph 1 of Section IV of Plaintiff's Original Petition, Defendant admits Plaintiff has filed a lawsuit asserting a breach of contact claim, although Defendant denies it has breached the contract and denies breach of contract is a proper vehicle with which to pursue a claim for underinsured motorist benefits in Texas.

Defendant denies all facts necessary to show Ms. Franklin's entitlement to benefits under the policy were determined on September 6, 2022 and denies it has failed to pay sums that were actually owed under the policy.

21. Defendant denies the allegations in subparagraph 2 of Section IV of Plaintiff's Original Petition.

22. Defendant admits Plaintiff is seeking a declaratory judgment as per subparagraphs 1 and 2 of Section V of Plaintiff's Original Petition, but denies Plaintiff's assertion in subparagraph 3 that the Texas Declaratory Judgment Act codified in Chapter 37 of the Texas Civil Practice and Remedies Code applies in federal court, denies Plaintiff is entitled to recover attorney's fees on a declaratory judgment action in federal court, and denies Plaintiff has shown legal entitlement to the declaratory judgment she is seeking.

23. Defendant denies the third sentence of subparagraph 1 of Section VI of Plaintiff's Original Petition, but admits the first and second sentences.

24. With respect to subparagraph 2 of Section VI of Plaintiff's Original Petition, Defendant admits Texas Insurance Code Section 542.056 provides, "Except as provided by Subsection (b) or (d), an insurer shall notify a claimant in writing of the acceptance or rejection of a claim not later than the 15th business day after the date the insurer receives all items, statements, and forms required by the insurer to secure final proof of loss;" however, Defendant denies Plaintiff has accurately recited this provision. Defendant denies the remainder of subsection 2.

25. Defendant denies the allegations in subparagraph 3 of Section VI of Plaintiff's Original Petition, except that Defendant admits it did not issue any payment to Plaintiff within 15 days of September 6, 2022.

26. Defendant admits Plaintiff is seeking the statutory relief set forth in subparagraph 4 of Section VI of Plaintiff's Original Petition, but Defendant denies Plaintiff is entitled to such relief.

27. Defendant admits Plaintiff is alleging breach of the duties imposed by the Texas Insurance Code and the Texas Deceptive Trade Practices Act as set forth in subparagraph 1 of subsection A of Section VII of Plaintiff's Original Petition. However, Defendant denies that giving notice was impractical.

28. Defendant denies subparagraph 2 of subsection A of Section VII of Plaintiff's Original Petition.

29. Defendant denies in subparagraph 3 of subsection A of Section VII of Plaintiff's Original Petition.

30. Defendant admits the first sentence in subparagraph 4 of subsection A of Section VII of Plaintiff's Original Petition, but lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in sentence two of subparagraph 4.

31. Defendant denies the allegations in subparagraph 5 of subsection A of Section VII of Plaintiff's Original Petition.

32. Defendant denies the allegations in subparagraph 6 of subsection A of Section VII of Plaintiff's Original Petition.

33. Defendant denies subparagraph 7 of subsection A of Section VII of Plaintiff's Original Petition except that Defendant admits that Plaintiff is praying for interest and attorney's fees.

34. With respect to the allegations set forth in Subsection B of Section VIII of Plaintiff's Original Petition, Defendant acknowledges the existence of a common law duty of good faith and fair dealing that may apply to certain insurance claims in the State of Texas, but denies it has breach any applicable duties including the duty of good faith and fair dealing and denies Plaintiff's interpretation and application of the cited case law.

35. Defendant admits Plaintiff is making the allegations set forth in subparagraph 1 of Section VI [sic] ("Agency") of Plaintiff's Original Petition, but denies it is liable in this case under any principles of respondeat superior.

36. Defendant admits Plaintiff is making the allegations set forth in subparagraph 2 of Section VI [sic] ("Agency") of Plaintiff's Original Petition, but denies that it is liable in this case under any principles of respondeat superior.

37. Defendant denies Plaintiff has established a legal entitlement to recover the damages set forth in Section VII [sic] ("Damages") of Plaintiff's Original Petition. Defendant further denies that Plaintiff is entitled to recover attorney's fees in federal court in pursuing a declaratory judgment.[1] Moreover, even if attorney's fees were recoverable in

---

[1] *See, e.g., Utica Lloyd's v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998) ("[A] party may not rely on the Texas D[eclaratory] J[udgment] A[ct] to authorize attorney's fees in a diversity case because the statute is not substantive law."); *Veloz v. Allstate Fire & Cas. Ins. Co.*, No. SA-20-CV-1438-JKP, 2022 U.S. Dist. LEXIS 55024, at *9 (W.D. Tex. 2022) ("[A]lthough attorney fees may be recoverable under Tex. Civ. Prac. & Rem. Code § 37.009, *see Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263, 266-72 (Tex. 2021), that statute 'is a state procedural vehicle which does not govern in federal court. . . .'"); *Villarreal v. Allstate Fire & Cas. Co.*, No. DR-20-CV-069-AM/VRG, 2021 U.S. Dist. LEXIS 252087, at *8 (W.D. Tex. 2021) (following *Utica* in noting that a plaintiff seeking a declaratory judgment for UIM benefits is not entitled to recover attorney's fees).

federal court on Plaintiff's claims, Defendant contends an award of attorney's fees to Plaintiff in this case would be neither reasonable, nor necessary, nor equitable, nor just. Furthermore, Plaintiff's claim for attorney's fees would also be barred by the defense of excessive demand inasmuch as Plaintiff, through her counsel, unreasonably and/or in bad faith, submitted to Defendant an excessive demand for an unreasonable amount to which said Plaintiff was not entitled.

38. With respect to the allegations in Section VIII of Plaintiff's Original Petition, Defendant disputes the Texas Rules of Civil Procedure including the requirements of Texas Rule of Civil Procedure 194 apply in federal court following removal.

39. With respect to Section IX in Plaintiff's Original Petition, Defendant admits Plaintiff has requested a jury trial and is seeking a judgment against Defendant, but denies Plaintiff has demonstrated a legal entitlement to recover any or all of the relief sought.

### III.   DENIAL OF CONDITIONS PRECEDENT

40. Defendant specifically denies all conditions precedent to recover under the applicable auto insurance policy at issue have occurred.[2] At the time Plaintiff filed suit, Plaintiff had not established her legal entitlement to recover compensatory damages for bodily injury she sustained as a result of the subject accident. Accordingly, Defendant expressly denies the allegations in subparagraph 2 of Section II of Plaintiff's Original Petition that Plaintiff has complied with all conditions precedent to filing suit.

---

[2] *See, e.g., Allstate Ins. Co. v. Irwin*, 627 S.W.3d 263, 270 (Tex. 2021) ("A judgment establishing liability and the underinsured status of the other motorist are thus conditions precedent to UIM coverage under *Brainard*. Moreover, they are issues about coverage, rather than breach, because the UIM insured does 'not present a [breach of] contract claim before the trial court render[s] its judgment [establishing these conditions].'"); *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006).

### IV.   LIMITS OF LIABILITY

41.   Defendant's liability, if any, is limited to the applicable limits of the policy in question. Defendant pleads the limitations of its liability as stated in the applicable Texas Personal Car Policy No. 3779-440-53A.

### V.   CREDITS / OFFSETS / "ONE SATISFACTION" RULE

42.   Defendant is entitled to and offset and/or credit against the amount of the bodily injury limit of Rebecca Lavender's auto policy with Progressive County Mutual Insurance Company in effect at the time of the motor vehicle accident made the subject of Plaintiff's lawsuit.[3] Moreover, Defendant may also be entitled to an offset or credit in the amount of the Personal Injury Protection benefits it paid to Plaintiff.[4]

43.   In addition, under the "one satisfaction" rule, Plaintiff is only entitled to one recovery on her injuries, if any, even if she seeks recovery from multiple parties. Accordingly, the "one satisfaction" rule applies and Defendant is entitled to a credit against any recovery by Plaintiff for any settlement or settlements for the same injuries with other persons, entities, and/or parties.

44.   Defendant further pleads for any other offsets and/or credits to which it is justly entitled.

---

[3] Ms. Lavender's each person bodily injury limit under the applicable Progressive County Mutual Insurance Policy was $30,055. Plaintiff settled with Ms. Lavender for the full each person bodily limit of the aforementioned policy.
[4] Defendant paid and exhausted $2,500 in Personal Injury Protection benefits to Plaintiff and her attorney on or about June 9, 2022.

## VI.     LIMIT OF RECOVERY

45.     Texas Civil Practice and Remedies Code Section 41.0105 applies, and medical and health care damages awarded, if any, are subject to the statutory limits set forth therein, other applicable statutory authority, and common law. Accordingly, Defendant pleads that Plaintiff's recovery of medical or health care expenses, if any, be limited to those which are both reasonable and necessary, and further, that said recovery, if any, be limited to a sum no greater than the amounts actually paid or actually incurred by Plaintiff, excluding sums which were reduced, adjusted, discounted, and/or written off.

46.     Defendant further alleges any prejudgment interest recoverable is limited in accordance with the terms of Texas Finance Code Annotated Sections 304.101 *et seq.*

47.     Defendant further alleges that in the event Plaintiff is found to be entitled to any damages in this matter, Plaintiff is not entitled to recover prejudgment interest on any future damages.

48.     Defendant further alleges that any prejudgment interest recoverable is limited pursuant to Section 304.003(c) of the Texas Finance Code.

49.     Defendant further alleges that any prejudgment interest recoverable should be calculated on the "declining principal" formula and only after all applicable credits and/or offsets are applied.[5]

---

[5] *See, e.g., Brainard*, 216 S.W.3d at 815-17; *State Farm Mut. Auto. Ins. Co. v. Norris*, 216 S.W.3d 819, 821-22 (Tex. 2006).

## VII.     PROOF OF CERTAIN LOSSES

50. In accordance with Texas Civil Practice and Remedies Code Section 18.091(a), Defendant pleads that with respect to any damages for loss of wage earnings and/or loss of wage-earning capacity, if sought, Plaintiff be required to prove such loss or losses after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

## VIII.     PREEXISTING AND/OR SUBSEQUENT CONDITIONS

51. Defendant alleges Plaintiff's claims are barred, in whole or in part, and/or her damages should be reduced accordingly, due to one or more preexisting and/or subsequent medical conditions, infirmities, and/or impairments.

## IX.     FAILURE TO MIITGATE DAMAGES

52. Defendant alleges Plaintiff's claims are barred, in whole or in part, due to her failure to mitigate damages. Such failures include, but may not be limited to Plaintiff's failures to follow and/or heed the advice and/or recommendations of her treating physicians and/or medical providers, Plaintiff's failures to pursue, undertake, and/or complete in a timely fashion the follow-up care, if any, that may have been recommended, and Plaintiff's failures, along with that of her treating providers, to control the costs of her care. Plaintiff's actions deviate from those a reasonable prudent person would have taken in the same or similar circumstances and may have contributed to, prolonged, and/or exacerbated her damages, if any.

## X.     LIMITS OR UNAVAILABILITY OF ATTORNEY'S FEES

53.    Defendant pleads Plaintiff is barred from recovering attorney's fees in the lawsuit because Defendant has not breached the insurance contract or committed any other act that gives rise to liability for attorney's fees. Defendant further denies Plaintiff is entitled to recover attorney's fees in federal court in pursuing a declaratory judgment.[6] Moreover, even if attorney's fees were recoverable in federal court on Plaintiff's claims, Defendant contends an award of attorney's fees to Plaintiff in this case would be neither reasonable, nor necessary, nor equitable, nor just. Furthermore, Plaintiff's claim for attorney's fees would also be barred by the defense of excessive demand inasmuch as Plaintiff, through her counsel, unreasonably and/or in bad faith, submitted to Defendant an excessive demand for an unreasonable amount to which said Plaintiff was not entitled.

## XI.     BONA FIDE DISPUTE

54.    Defendant alleges a legitimate dispute exists as to the benefits, if any, Plaintiff is legally entitled to recover under the policy, and evidence that merely shows a bona fide dispute over Defendant's liability on the insurance contract does not rise to the level of bad faith or give rise to liability on any of Plaintiff's extra contractual theories of recovery including those for alleged violations of the Texas Insurance Code and/or breach of the duty of good faith and fair dealing.

## XII.     JURY DEMAND

55.    Defendant has demanded a trial by jury of this lawsuit.

---

[6] *See* n.1, *supra.*

## XIII. PRAYER

56.     WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Mutual Automobile Insurance Company respectfully prays for a judgment that Plaintiff take nothing, Defendant recover all its costs, and Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LOTZ LAW FIRM PLLC

By: _____
Christopher A. Lotz
State Bar No. 24031630
S.D. Tex. ID: 619999
4511 Yoakum Blvd., Suite 200
Houston, Texas 77006
713-654-5800 (telephone)
713-654-5801 (facsimile)
clotz@lotzlawfirm.com

*Attorney-in-Charge and Counsel for Defendant State Farm Mutual Automobile Insurance Company*

OF COUNSEL:

Anne-Marie Abarado
State Bar No. 24040383
S.D. Tex. ID: 1068634
4511 Yoakum Blvd., Suite 200
Houston, Texas 77006
713-654-5800 (telephone)
713-654-5801 (facsimile)
aabarado@lotzlawfirm.com

## **CERTIFICATE OF SERVICE**

I hereby certify a true and correct copy of the foregoing Defendant State Farm Mutual Automobile Insurance Company's First Amended Answer was served by electronic service through the Case Management/Electronic Case Filing System on the 1st day of September, 2023, upon the following counsel of record:

Savannah Robinson
LAW OFFICE OF SAVANNAH ROBINSON
1822 Main
Danbury, Texas 77534
savannahrobinson@aol.com

                                      Christopher A. Lotz